The Camden Rolling Mill Co. v. The Swede Iron Co.

---

THE CAMDEN ROLLING MILL COMPANY v. THE SWEDE IRON COMPANY.

1. A foreign corporation, which has no place of business in this state, and which, at the time of the commencement of suit, is not doing business in this state, the contract sued on being made in a foreign jurisdiction, is not suable in the courts of this state.
2. A plea to the jurisdiction is the proper remedy, if suit be brought against a foreign corporation entitled to this exemption.
3. The act of 1865 has not extended the judicial jurisdiction over foreign corporations; it has merely prescribed the mode of service of process upon them.

On demurrer to plea.

The plaintiff declared in *assumpsit*. The defendant pleaded to the jurisdiction of the court, setting forth that it was incorporated in Pennsylvania; that it had no office in this state, nor did it transact any business in it, and that the supposed cause of action accrued in the State of Pennsylvania, and not in the State of New Jersey. To this plea the plaintiff demurred.

The demurrer was argued before the CHIEF JUSTICE, and Juitices ELMER, VREDENBURGH, and BEDLE.

For demurrant, *P. L. Voorhees* and *A. Browning*.

Contra, *S. H. Grey* and *T. P. Carpenter*.

The opinion of the court was delivered by

THE CHIEF JUSTICE. This is an action of *assumpsit*. To the declaration, which is in the ordinary form, the defendant has put in a special plea, setting forth, in substance, that the defendant is a corporation in the State of Pennsylvania, chartered under the laws of that state, capable of suing and being sued in the courts of that state only, and that defendant, at the time of the commencement of this suit, had not, and has not, any office or place of business in the State of New Jersey, and did not then, and does not now, transact any business in the State of New Jersey; and that the supposed causes of action, and each of them, accrued to the plaintiff out of the jurisdiction of this court, to wit, at Philadelphia, in the State of Pennsylvania, and not in Camden, &c. To this plea the plaintiff demurred.

The defence in this case, as we find it embodied in the plea, is grounded on the idea that, on the facts disclosed, this court has no jurisdiction. It is substantially a plea to the jurisdiction; and, although I have not discovered any model of such a plea in the books, yet, upon principle, I think if sufficient in substance, it should be sustained. If, in point of fact, the defendant is so circumstanced as to be exempted altogether from suits in the courts of this state, it is a posi-

tion very closely assimilated, if not identical, with that of persons under the English law, who are privileged against all suits, except within certain particular jurisdictions; and it is the well known rule, that where such a limited immunity exists, the remedy by which it is enforced is a plea to the jurisdiction. *Gould Pl., ch. V, § 11.*

The plea is regarded as not liable to objection in point of form.

With reference, then, to the substance of the defence. Upon general principles, and in the absence of statutory innovations, it is to be regarded as settled, in this state at least, that if a foreign corporation, at the time of the commencement of suit, does not do business, and has not any office or place of business in this state, the contract sued on, not having been entered into in this state, such corporation, except by its own consent, cannot be brought within the jurisdiction of this or any court of this state. Under such circumstances, the officers or agents of such foreign corporation, when they come into this jurisdiction, do not bring with them their official character or functions, and are not to be esteemed, out of the sovereignty by the laws of which the corporate body exists, the representatives for the purpose of responding to suits of law of such corporate body. This is the principle upon which the case of *Moulin* v. *Insurance Company*, 4 *Zab.* 222, is founded. And, as the demurrer admits then the foreign character of the defendant as a corporate body, and also the facts that it did no business, and had no place of business in this state at the inception of this suit, and that the contract which forms the ground of action was not made in this state, it appears clearly that this court cannot take cognizance of the case, unless the general principle of law creating this exemption has been abrogated or modified. And, indeed, on the part of the plaintiff, this is the principal ground taken, for it is insisted that, by the act of 1865, *Pamph.* 467, all foreign corporations are made suable in the courts of this state, whenever any director, clerk, or other agent of such corporation can be found within

our territorial limits.   Such is not the construction which is put by this court on this statute.   Its provisions are to the following effect, *viz.*, that the process against a foreign corporation may be served on any officer, director, agent, or engineer of such corporation or body corporate, either personally, or by leaving a copy thereof at the dwelling-house or usual place of abode of such officer, director, agent, clerk, or engineer, or by leaving a true copy of such process at the office, depot, or usual place of business of such foreign corporation, &c.   We find thus a mode is prescribed of effecting service of process on foreign corporations; but the question still remains, in what cases can they be so served?   Can they be so served when, upon general principles, the courts of this state, have no jurisdiction?   The statute does not say so.   There is not a word in it indicative of an intention to amplify the capacity of the court with regard to that class of cases in which these creatures of foreign laws are parties —defendants.   The statute does not give any new right of suit; nor does it purport to take away any of the privileges of foreign corporations.   It simply appoints a method of bringing corporations invested with a foreign character into the courts of this state, when such courts have jurisdiction over them.   We think that the act in question has no scope beyond this.

It may be further observed, that the interpretation contended for in behalf of the plaintiff, is one that could be judicially adopted only by force of the plainest manifestation of legislative intent.   It would seem to be an improbable construction, for it is difficult to believe that it was the design to place within the jurisdiction of our courts, all the corporations of the world, merely from the fact that a director, clerk, or other subordinate officer happened to come upon the territory of the state.

The defendant is entitled to judgment.